**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ERIC McCRAY-EL,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:23cv366** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **PATRICIA O'BOYLE, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Eric McCray-El, a Virginia inmate proceeding *pro se*,[1] has filed a civil rights action under 42 U.S.C. § 1983, seeking declaratory relief, injunctive relief, and monetary compensation. Upon review of his complaint pursuant to 28 U.S.C. § 1915A, for the reasons set forth below, I will dismiss his complaint as frivolous and failing to state a cause of action for which relief may be granted.

McCray-El asserts that he is a descendant of the "Moorish Nation" and therefore not subject to the laws of the United States. He seeks relief in this court in the form of having the warden cease applying "DOC" (Department of Corrections) policies against him, and Ten Million Dollars against each defendant. This theory that descendants of the "Moorish Nation" are not subject to the laws of the state and federal governments and thus shielded from criminal prosecution have routinely been found as frivolous. That is, courts have consistently recognized, "any claims or arguments raised by Plaintiffs which arise from alleged membership in a 'Moorish Nation' organization, or which rely on documents or arguments based on doctrines from such an organization, are frivolous and cannot support an action in this Court." Robinson v.

---

[1] McCray-El takes issue with the use of *pro se*, contending that he is acting sui juris. The terms are not inconsistent. *Pro se* simply refers to a person representing himself before the court, without an attorney. One who is sui juris has reached the age of majority, is independent and not under the guardianship of another person, and competent to act on his own behalf.

Sgt. Pintez, No. 1:18-cv-151, 2019 WL 4271988, at *4 (N.D. W. Va. Sept. 10, 2019) (citing Bey v. Hillside Twp. Mun. Ct., Nos. 11-7343, 11-7351, 2012 WL 714575, at *6 (D.N.J. Mar. 5, 2012)); In El-Bey v. United States, No. 1:08-cv-151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009), the court addressed the plaintiff's claim that she was immune from the tax law of the United States because she was an "indigenous Washitaw Naga Moor." The court summarily concluded that the plaintiff's claim was legally frivolous stating as follows:

> ("It is well-settled that Plaintiff's contentions are utterly without merit and are an affront to the courts and to all other law-abiding, tax-paying Americans. [Plaintiff's] claims are the most recent incarnation of a notorious organization of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from a total lack of responsibility under those same laws.").

El-Bey v. United States, No. 1:08-cv-151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009).

Courts have routinely concluded that "summary dismissal of any claims based on a 'Moorish Nation' or 'Sovereign Citizen' theory is appropriate." Bey v. Jefferson, No. 2:17-cv-1007, 2017 WL 9250348, at *4 (D.S.C. Apr. 24, 2017). This has included the repeated rejection of assertions like those McCray-El makes here as frivolous and meriting dismissal. Id. at *5 (collecting cases). The Court need not dive down the illogical rabbit hole McCray-El proposes as a claim for relief. See Robinson, 2019 WL 4271988, at *4 n.6 (declining to "discuss[] the Moorish Nation at length" and collecting cases summarily dismissing claims based on "Moorish" descent). Indeed, addressing the merits of McCray-El's assertions would lend credence to a "baseless, fantastic, and delusional" theory of sovereignty. Great Seal Nat'l Ass'n of Moorish Affs. v. 46th Dist. Ct. of Oakland Cnty., No. 06-cv-15625, 2007 WL 169850, at *1 (E.D. Mich. Jan. 17, 2007).

McCray-El has not offered any evidence to show that his conviction was not proper under the law, and he has not stated a claim for violation of his rights by a person acting under color of

state law, as required to sustain an action under § 1983. [2] I will enter an appropriate order dismissing the case.

Enter:  January 2, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge

---

[2] McCray-El separately asserts the doctrine of unclean hands as a basis for relief. The doctrine of unclean hands applies in civil matters where a plaintiff seeks to obtain a benefit at the defendant's expense only if the plaintiff's conduct inequitably harmed the defendant in relation to the right plaintiff claims.  *Great Eastern Resort Corp. v. Virtual Resort Solutions, L.L.C.*, 189 F. Supp.2d 469, 480–81 (W.D. Va. 2002).  The unclean hands doctrine does not apply to prosecutions for crimes committed, except to the extent that entrapment is a defense in criminal cases for similar equitable reasons.